843 F.2d 1390
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harley BRADEN, Plaintiff-Appellant,
v.
UNITED MINE WORKERS OF AMERICA HEALTH & RETIREMENT FUNDS
AND/OR PENSION PLAN; Harrison v. Combs, Paul R. Dean, and
John J. O'Connell, Trustees of the United Mine Workers of
America Health & Retirement Fund, Defendants-Appellees.
 No. 87-5432.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1988.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and S. ARTHUR SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 This is an ERISA case in which the plaintiff, a former coal miner, challenges a denial of pension benefits to which he claims entitlement under the 1950 Pension Plan of the United Mine Workers of America. The district court granted summary judgment to the defendants, who include the plan administrator. On appeal the plaintiff argues that in denying his claim the plan administrator acted arbitrarily, in bad faith, or without the support of substantial evidence. We disagree, and we shall affirm the district court's judgment.
 
 
 2
 The plaintiff was employed in the bituminous coal industry in Tennessee until 1980. His eligibility for benefits is governed by the UMW's 1950 Pension Plan, an "employee pension benefit plan" within the meaning of 29 U.S.C. Sec. 1002(2)(A).
 
 
 3
 To be entitled to a pension under the Plan, the plaintiff must establish that he has (1) attained the age of 55, and (2) completed 20 years of classified service, including five years of service with an employer who was a signatory to the then-existing National Bituminous Coal Wage Agreement ("Wage Agreement"). Classified service is defined as "employment in a job classified in the Wage Agreement for an employer in the coal industry."
 
 
 4
 Under Article IV(A) and (B) of the Plan, a participant is entitled to credit for each year of service in which he worked at least 1000 hours as a classified employee. If records of hours worked are not available, the participant receives credit based upon proof of his receipt of specified levels of wages for each year. A participant may also receive a year of credit for any year in which he served at least six months in the military. The Plan further provides that employment after April 1, 1971, will not be considered credited service for purposes of meeting the 20-year service requirement unless the employer was a signatory of the Wage Agreement.
 
 
 5
 The plaintiff applied for a service pension from the 1950 Pension Trust claiming coal industry employment for various periods between 1939 and 1980. Subsequent to his initial application, he claimed credit for service in the United States Army between 1942 and 1945.
 
 
 6
 To determine the plaintiff's years of credited service, the trustees' field service representative reviewed plaintiff's Social Security Administration Itemized Statement of Earnings ("SSA Wage Record"), employer statements, co-worker statements, Tennessee state records, and military documents.
 
 
 7
 The plaintiff's SSA Wage Record reflected earnings from coal industry employment at various locations between 1945 and 1971; his earnings were sufficient to establish only 17 years of possible service credit, three years less than the requisite 20 years.
 
 
 8
 The plaintiff was denied credit for employment between 1939 and 1941 on the ground that his employer, Lewis Meeks, was not a coal industry employer. He was also denied credit for the period of his military service, 1942 to 1945, because he was unable to establish that he had been regularly employed in the coal industry before he joined the Army. Finally, he was denied credit for his employment at Virginia Mining Company after April 1, 1971, because Virginia Mining Company was not a signatory of the Wage Agreement.
 
 
 9
 On appeal, the plaintiff contends that he ought to have been given credit for his three years of military service. His claim turns on the factual question of whether he worked without pay ("cubbed") for two weeks in 1942 at Tennessee Consolidated Coal Company. No documentation of such employment exists. The plaintiff submitted the statements of two former TCC employees who remembered the practice of "cubbing" during the late 1930s and who recalled seeing the plaintiff with "mining clothes on" in the company yard sometime before he went into the Army.
 
 
 10
 Upon review of the briefs, the record, and the arguments, we conclude that the plan administrator's determination that the plaintiff had failed to establish the necessary employment at Tennessee Consolidated Coal Company in 1942 was not arbitrary, in bad faith, or unsupported by substantial evidence. Accordingly, and for the reasons set forth in the opinion of District Judge Allen Edgar, we AFFIRM the judgment.
 
 
 
 *
 The Honorable S. Arthur Spiegel, District Judge, United States District Court for the Southern District of Ohio, sitting by designation